UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus A. Blair,   #329604 | ) | C/A No. 3:09-196-HMH-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| | ) | |
| Diane Hingle; | ) | |
| Warden Bell; | ) | |
| Doris P. Poole; | ) | |
| SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

  The plaintiff, Marcus A. Blair, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at Lee Correctional Institution in Charleston County, SC, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims that defendants violated his rights by incarcerating him on a yard with violent inmates, while Plaintiff himself is serving time on a non-violent offense. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

  The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(ii), (i). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Discussion

Plaintiff alleges that he is intimidated by the inmates at Lee, which is a Level 3 security facility housing primarily violent offenders. Plaintiff asked to be transferred to another facility in numerous grievances, but does not explicitly seek a transfer in this Complaint, which seeks only money damages.

2

A prisoner has no Due Process right to be housed in any particular facility. *Meachum v. Fano* 427 U.S. 215, 223-24 (1976). *See also Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999)(no liberty interest is created in custodial classifications), *Slezak v. Evatt*, 21 F.3d 590, 597 (4th Cir. 1994)(SC regulations regarding prison classification create no liberty interests protected by the Fourth Amendment).

The Fourth Circuit has said:

> To prevail on a § 1983 claim that actions by state officials respecting a state prison inmate's security and custody classification have violated the inmate's procedural due process rights, the claimant must prove that (1) he had a protected liberty interest in receiving a new or retaining a current classification, (2) which interest was adversely affected by the actions, (3) without the protections of due process guaranteed by the Fourteenth Amendment. . . . The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status " '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.' " Within these limits, so far as the federal constitution is concerned, the security and custody classification of state prison inmates is a matter for state prison-official discretion whose exercise is not subject to federal procedural due process constraints.

*Slezak* at 593-594 (internal citations omitted).

The South Carolina Supreme Court reviewed the question of whether state law imposes such a liberty interest for inmates in *Brown v. Evatt*, 322 S.C. 189, 470 S.E.2d 848 (1996). In that case, the Supreme Court held: "Neither the state statutes which create and define the powers of SCDC nor SCDC's operational classification regulations create the required liberty interest. Though they provide procedural safeguards and substantive criteria for making base line classification decisions, these are made only as recommendations that are subject to discretionary review and rejection by higher level prison officials[.]" *Brown* at 195, 470 S.E.2d 848, 470 S.E.2d at 851. In *Brown*, the inmate was ruled to have no liberty interest in a security or custody classification. *Id.*

Although the Plaintiff may be dissatisfied with his custody status, it should be noted that

absent a constitutional, statutory, or regulatory bar, "a prisoner may be transferred [from the general population] for any reason, or for no reason at all." *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir.1998). And, as *Brown v. Evatt* and *Slezak v. Evatt* make clear, there is no liberty interest in security or custody classifications within the SCDC. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

February 23, 2009
Columbia, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).